Filed 3/29/16  P. v. Fuller CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LARRY THOMAS FULLER,<br><br>    Defendant and Appellant;<br>_____<br><br>In re<br><br>    LARRY THOMAS FULLER<br><br>    on<br><br>    Habeas Corpus. | B262000<br>(Super. Ct. No. GA092794)<br><br><br><br><br><br>B269261 |

    APPEAL from a judgment of the Superior Court of Los Angeles County,
Dorothy L. Shubin, Judge.  Affirmed.  Petition for writ of habeas corpus is denied.

    Anthony J. Patti, under appointment by the Court of Appeal, for Defendant
and Appellant.

    No appearance for Plaintiff and Respondent.

——————————————

A jury convicted defendant and appellant Larry Thomas Fuller of possessing and of transporting cocaine base for sale. (Health & Saf. Code, §§ 11351.5, 11352, subd. (a).)[1] Fuller appealed from the judgment, and he filed a petition for writ of habeas corpus, which we ordered to be considered concurrently with the appeal. We affirm the judgment and deny the petition for writ of habeas corpus.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    Factual background.**

On March 1, 2014, at about 3:30 in the afternoon, Detective Jonathan Buchholz drove past the Pasadena Motor Inn. He saw a man walk up to the passenger side of a car parked in the driveway. Without a word, the man reached in through the passenger side open window with his right hand, which had nothing in it, and "as he pulled his hand out," the "hand was closed." The man then continued to walk, "without even looking around or anything." To the detective, it looked like a "narcotics transaction."

The detective parked behind the car so it couldn't leave. The car's driver, Fuller, got out. Fuller had money and a piece of plastic containing four white rocks, which a chemist later tested and found were .62 grams of a solid substance containing cocaine in a base form. Based on his experience, the detective estimated that each rock was worth $10. The detective recovered from Fuller a cell phone having "very few text messages" and $130 in denominations of fives, tens and twenties.

In the detective's opinion, Fuller possessed the cocaine for sale. The detective based his opinion on the area the transaction occurred in; that Fuller had no smoking apparatus; Fuller's fingertips and lips were not burnt, which indicated he wasn't using a hot glass pipe to smoke the cocaine; his money was in small denominations; and Fuller had multiple rocks. The detective had never seen a user with multiple rocks; users usually get one rock and smoke it. Sellers also usually don't carry too many rocks, it could be "five to ten, up to 20 sometimes."

---

[1]    All undesignated statutory references are to the Health and Safety Code.

Three years earlier, Officer Jeff Disney was part of a task force that involved investigating Fuller in January 2011. On January 13, 2011, Officer Disney worked with a paid confidential informant on a drug operation. Before the operation, the officer searched the informant and the informant's vehicle to ensure he had no contraband. The officer then gave the informant money to buy a certain amount of crack cocaine. Officer Jason Cordova watched the informant drive up to a motel and Fuller exit room number five. The informant and Fuller then engaged in a "hand-to-hand transaction." When the informant returned to the officers, he had an "off-white, tannish substance . . . consistent with crack cocaine" packaged in a clear plastic bag. In Officer Disney's opinion, the substance was crack cocaine, based on its color and the feel of it. Officer Disney had encountered rock cocaine "more than a hundred times" in ten years. The amount of rock cocaine the informant bought was consistent with the money he was given to make the purchase.

## II.    Procedural background.

On May 27, 2014, an information was filed alleging count 1, possession for sale of cocaine base (§ 11351.5) and count 2, transportation for sale of a controlled substance (§ 11352, subd. (a)). The information also alleged that at the time of the commission of the offenses, Fuller had been released from custody on bail or on his own recognizance (Pen. Code, § 12022.1). The information also alleged that Fuller had prior convictions within the meaning of section 11370.2, subdivision (a); prior convictions within the meaning of Penal Code section 667.5, subdivision (b); and a prior strike conviction within the meaning of the Three Strikes law.

On October 15, 2014, the trial court denied Fuller's *Marsden*[2] motion.

On November 6, 2014, the trial court granted Fuller's *Pitchess*[3] motion but, after an in camera review, no disclosure of records was ordered.

---

[2]    *People v. Marsden* (1970) 2 Cal.3d 118.

[3]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

Before trial, the People indicated it wanted to introduce evidence of two prior incidents, under Evidence Code section 1101, subdivision (b), on the issue of Fuller's intent to sell. The court excluded an older incident from 2000 but admitted the one from 2011, about which Officer Disney testified at trial.

On December 12, 2014, a jury found defendant guilty of counts 1 and 2, as alleged in the information. Defendant admitted the fact of his prior convictions and the out-on-bail allegation. The trial court denied defendant's *Romero*[4] motion. On January 30, 2015, the court then sentenced defendant, on count 1, to the midterm of four years doubled, based on the prior strike conviction, to eight years. The court imposed a consecutive three-years sentence for one of the sales priors, under section 11370.2, subdivision (a). On count 2, the court imposed but stayed, under Penal Code section 654, the midterm of four years. The court struck, under Penal Code section 1385, the out-on-bail allegation. The court imposed a $300 victim restitution fine, a $300 parole revocation fine, a $40 court security fee, a $30 criminal conviction assessment per count, and a $50 lab fee plus penalty assessment.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues and which asked this court to conduct an independent review of the record, under *People v. Wende* (1979) 25 Cal.3d 436, 441. By letter dated August 24, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. After we granted extensions of time to file a brief, Fuller submitted a letter, filed on January 4, 2016. Fuller also filed a petition for writ of habeas corpus on January 4, 2016, case number B269261, which we ordered to be considered concurrently with the appeal.

In his supplemental brief and petition, Fuller argues that his trial counsel provided ineffective assistance of counsel because counsel failed to file a motion to suppress. To establish that his counsel was ineffective, Fuller "must show that (1) counsel's

---

[4]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

4

representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Scott* (1997) 15 Cal.4th 1188, 1211-1212; see also *Strickland v. Washington* (1984) 466 U.S. 668, 694.)  We defer to counsel's reasonable tactical decisions.  (*People v. Jones* (2003) 29 Cal.4th 1229, 1254.)  The record shows that counsel made a reasonable tactical decision, based on the evidence, not to file a suppression motion.  We also reject Fuller's claim that his trial counsel provided ineffective assistance by failing to make a *Pitchess* motion.  Counsel made such a motion, and it was granted but, after an in camera hearing, the trial court found no materials were subject to disclosure.

Fuller next contends that admitting evidence of his 2011 uncharged offense deprived him of his due process and fair trial rights.  (U.S. Const., 14th Amend.) Evidence that a defendant committed misconduct other than that currently charged is generally inadmissible to prove he or she has a propensity to commit the charged crime. (Evid. Code, § 1101, subd. (a).)  But such evidence is admissible if it is relevant to prove, among other things, intent.  (*Id.*, subd. (b); *People v. Ewoldt* (1994) 7 Cal.4th 380, 400, 402.)  Here, Fuller conceded that he possessed the rock cocaine but disputed that he had an intent to sell it or to transport it for sale.  Evidence of Fuller's 2011 offense was therefore admissible, in the trial court's discretion, to establish his intent.  (See generally *People v. Williams* (2009) 170 Cal.App.4th 587, 607.)  We therefore also reject any contention that admitting evidence of the 2011 offense violated Fuller's constitutional rights to due process and a fair trial.  The application of ordinary rules of evidence generally does not impermissibly infringe on a defendant's constitutional rights.  (*Holmes v. South Carolina* (2006) 547 U.S. 319, 326-327; *People v. Cornwell* (2005) 37 Cal.4th 50, 82, disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

We have examined the record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

Fuller's petition for writ of habeas corpus is almost identical to his supplemental letter brief, and we therefore deny it on the same grounds.

## DISPOSITION

The judgment is affirmed.  The petition for writ of habeas corpus is denied.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

EDMON, P. J.

HOGUE, J. *

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.